### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 08-21571-CIV-SEITZ/O'SULLIVAN

AMANDA JESSUP,

    Plaintiff,

vs.

MIAMI DADE COUNTY, et al.

    Defendants.

_____/

### REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendant, Darby Wagner's, Verified Motion to Tax Fees (DE # 175, 4/8/10).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b).  Having carefully reviewed the filings and applicable law, the undersigned recommends that Defendant, Darby Wagner's, Verified Motion to Tax Fees (DE # 175, 4/8/10) be **DENIED** in accordance with this Report and Recommendation.

### BACKGROUND

The plaintiff filed her initial complaint and jury demand against the defendants on March 27, 2007, (DE # 1, exhibit A, 6/3/08), alleging mental and physical injuries as a result of unlawful arrest and prolonged incarceration and failure to ensure the safety of the plaintiff while in custody.   The case was removed to this Court on June 3, 2008, (DE# 1).  The plaintiff filed her First Amended Complaint on December 23, 2008, (DE # 20), her Second Amended Complaint on April 20, 2009, (DE # 36) and Third Amended Complaint on July 31, 2009, (DE # 106).  On March 10, 2010, the District Court issued a Final Judgment (DE # 167) in favor of the defendant Wagner.

The defendant Wagner filed a Verified Motion to Tax Fees on April 8, 2010, (DE # 175). The plaintiff filed a Response to the Motion on April 22, 2010, (DE # 182).   The defendant filed a Reply on May 3, 2010, (DE # 186).

## ANALYSIS

### I. Plaintiff's Request to Stay the Motion to Tax Fees

In her response to the motion, the plaintiff requests that the Court stay consideration of the motion pending resolution of the plaintiff's appeal to the Eleventh Circuit Court of Appeals, filed on April 1, 2010, (DE # 171).  The filing of a notice of appeal "may not divest the district court of jurisdiction over collateral matters not affecting the question presented on appeal." Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001). The Court has discretion to stay the fees, however, in this case the undersigned finds that there is no reason to stay the motion.

### II. Entitlement to Fees

The defendant seeks fees under 42 U.S.C. section 1988 and Local Rule 7.3 of the U.S. District Court for Southern District of Florida, as a prevailing defendant in civil rights litigation, in the amount of $58,581.00.  See DE # 175, 4/8/10. The defendant is the prevailing party because the Court entered Final Judgment in his favor. Under section 1988(b), in a proceeding to enforce a provision of section 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee. . . ." 42 U.S.C. §1988.  A prevailing defendant is not entitled to recover fees from a plaintiff in a 42 U.S.C. §1983 action "unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

Although succeeding on a summary judgment is a significant consideration, it is not conclusive of whether the plaintiff's claim was frivolous or unreasonable. See, e.g., Ruszala v. Walt Disney World Co.,132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000).  "In determining whether

2

a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation. . . ."  Sullivan v. School Bd. Of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (internal citation and quotations marks omitted).

The plaintiff's Third Amended Complaint does not indicate the exact involvement of Officer Wagner. However, the Complaint does indicate the he was one of the arresting officers on the scene and had some involvement in her actual arrest. See DE# 106 at 5. In addition, the record shows that Officer Wagner directed the plaintiff to be quiet during her arrest (see DE# 92-3 at 8), as well as walked along side of Officer Valdes "[t]o provide protection" (see DE# 96 at 4) when Officer Valdes escorted the plaintiff to the police vehicle.

The defendant asserts that the plaintiff's claim was "baseless from the inception of the case" because she proceeded with the false arrest claim against Officer Wagner, when she should have proceeded with the claim for failure to intervene. To establish a claim for false arrest, under section 1983, a plaintiff must prove that the defendant officer participated in a warrantless arrest without probable cause. See, e.g., Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). An officer is liable under section 1983 for failure to intervene if the officer "fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence." Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (quoting Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir.1986)).  Arguendo, it may have been more appropriate for the plaintiff to bring the claim against Officer Wagner for failure to intervene. While the elements of the false arrest claim and the failure to intervene are different, both are brought under 42 U.S.C. §1983. The plaintiff was not unreasonable in believing that both officers, who were present at the time of the arrest, participated in the arrest, especially taking into account that the defendant had some interaction with the plaintiff during her arrest. In the summary judgment order Judge Seitz ruled that "Valdes and Wagner had probable cause

to arrest Jessup."  (DE # 66, at 15).  The plaintiff was reasonable in bringing her claim, her

claim was not frivolous, and the defendant is not entitled to recover attorney's fees under 42

U.S.C. §1988.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned

**RESPECTFULLY RECOMMENDS** that the Defendant, Darby Wagner's, Verified Motion

to Tax Fees (DE # 175, 4/8/10) be DENIED.

The parties have 14 (fourteen) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the Honorable

Patricia A. Seitz, United States District Court Judge.  Failure to file objections timely shall bar

the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger,

847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders,

Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **2nd**

day of July, 2010.

_____

JOHN J. O'SULLIVAN

UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Judge Seitz
All Counsel of Record

4