UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-21571-CIV-SEITZ/O'SULLIVAN

AMANDA JESSUP,

 Plaintiff,
vs.

MIAMI DADE COUNTY, et al.

 Defendants.
_____/

## REPORT AND RECOMMENDATION

  THIS MATTER comes before the Court on the Officer M. Valdes' Motion to Tax Costs (DE # 172, 4/1/10), the Defendants, City of South Miami and Officer Darby Wagner's, Verified Motion to Tax Costs (DE# 174, 4/8/10) and the County Defendants' Verified Motion to Tax Costs (DE# 180, 4/20/10).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b).  Having carefully reviewed the filings and applicable law, the undersigned recommends that Officer M. Valdes' Motion to Tax Costs (DE # 172, 4/1/10) be GRANTED in part and DENIED in part, the Defendants, City of South Miami and Officer Darby Wagner's, Verified Motion to Tax Costs (DE# 174, 4/8/10)  be GRANTED in part and DENIED in part, and the County Defendants' Verified Motion to Tax Costs (DE# 180, 4/20/10) be GRANTED in part and DENIED in part, all in accordance with the following Report and Recommendation.

**BACKGROUND**

The plaintiff filed her initial complaint and jury demand against the defendants on March 27, 2007, (DE # 1, exhibit A, 6/3/08), alleging mental and physical injuries as a result of unlawful arrest and prolonged incarceration and failure to ensure the safety of the plaintiff while in custody. The case was removed to this Court on June 3, 2008, (DE# 1). The plaintiff filed her First Amended Complaint on December 23, 2008, (DE # 20), her Second Amended Complaint on April 20, 2009, (DE # 36) and Third Amended Complaint on July 31, 2009, (DE # 106). On March 10, 2010, the District Court issued a Final Judgment (DE # 167) in favor of the defendants Valdes, Wagner, and the City of South Miami. On March 18, 2010, the District Court issued a Final Judgment (DE#169) in favor of the defendants Robinson and in favor of Miami-Dade County.

The defendant Valdes filed a Motion to Tax Costs on April 1, 2010, (DE # 172). The plaintiff filed a Response to the Motion on April 19, 2010, (DE # 179). The defendant filed a Reply on April 26, 2010, (DE # 183).

The defendants, City of South Miami and Officer Wagner, filed a Verified Motion to Tax Costs on April 8, 2010, (DE# 174). The plaintiff filed a Response to the Motion on April 19, 2010, (DE # 179). The defendants filed a Reply on April 28, 2010, (DE # 184).

The defendants, Miami-Dade County and Robinson, filed a Verified Motion to Tax Costs on April 20, 2010, (DE# 180). The plaintiff filed a Response to the Motion on April 22, 2010, (DE # 181). The defendants filed a Reply on April 29, 2010, (DE # 185).

**ANALYSIS**

I. Plaintiff's Request to Stay the Motion to Tax Costs

In her responses to the corresponding motions for costs, the plaintiff requests that the Court stay consideration of the motions pending resolution of the plaintiff's appeal to

2

the Eleventh Circuit Court of Appeals, filed on April 1, 2010, (DE # 171).  The filing of a notice of appeal "may not divest the district court of jurisdiction over collateral matters not affecting the question presented on appeal."  Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001).  Furthermore, "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."  Rothenberg v. Security Management Co., Inc., 677 F.2d 64, 64 (11th Cir. 1982).  The plaintiff concedes that it is at the court's discretion to continue a motion to tax costs pending the disposition of appeals.  The undersigned finds that there is no reason to stay the motions.

### II. Defendants' Entitlement to Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  FED.R.CIV.PRO. 54(d)(1).  "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."  See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).  A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any

3

>> materials where the copies are necessarily obtained for use in the case;
>
>> (5) Docket fees under § 1923 of this title;
>
>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). The plaintiff does not dispute that the defendant, as a prevailing party, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.

### 1.    Defendant Officer Valdes

#### A.    Fees for Service of Subpoenas

The defendant seeks reimbursement in the amount of $2,299.90 for the service of subpoenas. Fees for service of subpoenas may be recovered under 28 U.S.C. § 1920(1). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendant be awarded the expenses associated with the service of summons and subpoenas in the amount of ***$2,299.90***.

#### B.    Fees of the Court Reporter

The defendant requests $13,646.02 for the costs associated with the services of a court reporter. 28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The plaintiff does not

object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendant be awarded the costs associated with fees for the court reporter in the amount of ***$13,646.02***.

### C. Fees for Exemplification

The defendant requests reimbursement in the amount of $2,474.57 for fees associated with exemplification. 28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned concludes that the requested photocopy costs were necessarily incurred during the course of the litigation. The undersigned recommends that the defendant be awarded costs and expenses associated with exemplification in the amount of ***$2,474.57***.

The undersigned recommends that Officer Valdes be awarded costs in the amount of $18,420.49.

### 2. Defendants City of South Miami and Officer Wagner

#### A. Fees for Service of Subpoenas

The defendants seek reimbursement in the amount of $210.00 for the service of subpoenas. Fees for service of subpoenas may be recovered under 28 U.S.C. § 1920(1). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendants be awarded the expenses associated with the service of summons and subpoenas in the amount of ***$210.00***.

### B. Fees of the Court Reporter

The defendants request $5,421.69 for the costs associated with the services of a court reporter. 28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendants be awarded the costs associated with fees for the court reporter in the amount of **$5,421.69**.

### C. Fees for Exemplification

The defendants request reimbursement in the amount of $477.96 for fees associated with exemplification. 28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned concludes that the requested photocopy costs were necessarily incurred during the course of the litigation. The undersigned recommends that the defendants be awarded costs and expenses associated with exemplification in the amount of **$477.96**.

The undersigned recommends that the City of South Miami and Officer Wagner be awarded costs in the amount of $6,109.65.

### 3. Defendants Miami-Dade County and Corporal Robinson

#### A. Fees for Service of Subpoenas

The defendants seek reimbursement in the amount of $1,645.00 for the service of subpoenas. Fees for service of subpoenas may be recovered under 28 U.S.C. §

6

1920(1). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendants be awarded the expenses associated with the service of summons and subpoenas in the amount of ***$1,645.00***.

### B. Fees of the Court Reporter

The defendants request $8,536.81 for the costs associated with the services of a court reporter. 28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendants be awarded the costs associated with fees for the court reporter in the total amount of ***$8,536.81***.

### C. Fees for Witness

The defendants request reimbursement in the amount of $40.00 for fees associated with expert witness fees. 28 U.S.C. § 1920(3) allows for recovery of "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned recommends that the defendants be awarded costs and expenses associated with the expert witness in the amount of ***$40.00***.

### D. Fees for Exemplification

The defendants request reimbursement in the amount of $2,071.48 for fees associated with exemplification. 28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies are

necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The plaintiff does not object to these costs. These costs are reasonable and permitted under the statute. The undersigned concludes that the requested photocopy costs were necessarily incurred during the course of the litigation. The undersigned recommends that the defendants be awarded costs and expenses associated with exemplification in the amount of ***$2,071.48***.

The undersigned recommends that Miami-Dade County and Corporal Robinson be awarded costs in the amount of $12,293.29.

### III. Plaintiff's Ability to Pay

The Eleventh Circuit has held that a "non-prevailing party's financial status is a factor that a district court may ... consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000). However, a court may not decline to award any costs at all, even if the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded. See Jenner v. Bank of America Corp., 304 Fed. Appx. 857, 860 (11th Cir. 2009) (citing Chapman). In considering this factor, the Court must have documentation of a party's "true inability to pay." Chapman, 229 F.3d at 1039.

The plaintiff suffers from a mental disability, which, according to the plaintiff's expert opinion, results in her inability to hold a job and function adaptively or independently in our society (DE # 179-1, 4/19/10). The defendants point out, however, that the plaintiff is partially responsible for her condition due to failure to follow her treatment plan (according to the plaintiff's expert opinion, DE # 179-1, 4/19/10).

The plaintiff submitted an affidavit addressing her financial situation. In her affidavit (DE # 179, Exhibit 3, 4/19/10), the plaintiff states that her only source of income

8

is Social Security Disability benefits in the amount of $620.00 per month and $160.00 in food stamps. The plaintiff states that she does not have any money in the bank and does not own any real property, any vehicle or any other assets.  The plaintiff included multiple invoices from 2004 to 2009 for medical bills ranging in amounts from $100.00 to $32,158.02. The defendants object to the reduction of costs based on inability to pay due to insufficiency of the presented documentation. The defendants point out that it is unclear whether the invoices for the medical services provided to the plaintiff are still outstanding, were reduced or satisfied.  However, the defendants do not offer any evidence of plaintiff's ability to pay. In Ramsay v. Broward County Sheriff's Office, No. 05-61959, 2008 WL 3851648, at *3 (S.D. Fla. Aug. 14, 2008), the court did not find the affidavit of the party regarding the inability to pay and the application to proceed on appeal without payment of fees to be sufficient documentation.  However, in Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002), the court doubted the party's ability to pay where "[n]othing in the record suggests that [the party] is likely to come into serious money in the future."

　　　　The plaintiff is on disability, has large medical expenses and has no assets. Due to the plaintiff's financial status and inability to hold employment, the undersigned recommends the award of all costs be reduced by 75%.  The $18,420.49 cost award recommended by the undersigned for Officer Valdes, should be reduced to a cost award of $4,605.12.  The $6,109.65 cost award recommended by the undersigned for the City of South Miami and Officer Wagner, should be reduced to a cost award of $1,527.41. The $12,293.29 cost award recommended by the undersigned fo the County Defendants, should be reduced to a costs award of $3,073.32.

**RECOMMENDATION**

In accordance with the above and foregoing, the undersigned

**RESPECTFULLY RECOMMENDS** that:

1. Officer Valdes' Motion to Tax Costs (DE# 172, 4/1/10) be **GRANTED in part** and **DENIED in part** in accordance with the foregoing Report and Recommendation and that the defendant be awarded **$4,605.12** in costs;

2. The Defendants, City of South Miami and Officer Darby Wagner's, Verified Motion to Tax Costs (DE# 174, 4/8/10) be **GRANTED in part** and **DENIED in part** in accordance with the foregoing Report and Recommendation and that the defendants be awarded **$1,527.41** in costs; and

3. The County Defendants' Verified Motion to Tax Costs (DE# 180, 4/20/10) be **GRANTED in part** and **DENIED in part** in accordance with the foregoing Report and Recommendation and that the defendants be awarded **$3,073.32** in costs.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); see also RTC v. Hallmark Builders, Inc., 996 F.2d 1144,

1148 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 6th day of July, 2010.

                                    JOHN J. O'SULLIVAN
                                    UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Seitz
All Counsel of Record