UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21571-CIV-SEITZ/O'SULLIVAN

AMANDA JESSUP,

    Plaintiff,

v.

MIAMI-DADE COUNTY, et al.,

    Defendant.

_____

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING MOTION FOR FEES

THIS MATTER is before the Court on the Report and Recommendation ("R&R") [DE-187] of the Magistrate Judge recommending that Defendant Darby Wagner's ("Wagner's") Verified Motion To Tax Fees [DE-175] be denied. The Magistrate Judge recommends that Wagner's Motion should be denied because, even though Wagner prevailed on summary judgment, Plaintiff Amanda Jessup ("Jessup") was reasonable in bringing her claim against Wagner and the claim was not frivolous. Having reviewed *de novo* the Motion, R&R, objections thereto, the record and pertinent legal authority, finds that Judge O'Sullivan's factual determinations are not clearly erroneous and he correctly applied the law to those facts.

Wagner objects to Judge O'Sullivan's conclusion that Plaintiff's § 1983 suit was not frivolous on two grounds.[1] First, Wagner argues the facts described in the Court's summary judgment Order [DE-166] demonstrate that he was not a participant in any of the conduct that Plaintiff claimed violated her civil rights. Second, he asserts the Court's finding that law

---

[1] Wagner's objection to Judge O'Sullivan's reference to the availability of a claim for failure to intervene need not be addressed because the Court finds that Plaintiff's § 1983 claim based on Wagner's assistance in effecting Plaintiff's arrest was not frivolous.

enforcement had actual reasonable articulable suspicion to stop and question Jessup, and actual probable cause to place Jessup under arrest, show that Jessup's claim was unreasonable and frivolous. (DE-189 at page 3).

Wagner's first objection that he is entitled to attorney's fees because the Court found actual reasonable suspicion and actual probable cause must be rejected. "Determinations regarding frivolity are to be made on a case-by-case basis" such that they are not controlled by "hard and fast rules." *Sullivan v. School Bd. Of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985); *see also Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) ("frivolity determinations are not subject to immutable rules"). As a result, a "defendant is not entitled to an award of attorney's fees and costs simply because [he] prevailed in summary judgment." *Ruszala v. Walt Disney World Co.*, 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000). Moreover, Wagner has not provided, nor is the Court aware of, any authority suggesting that a false arrest claim is frivolous simply because a court ultimately determines that probable cause supported the arrest in question.

Wagner's second objection that he did not participate in any of the conduct that Jessup claimed violated her rights ignores four critical facts in the record. The undisputed evidence shows the following: Wagner participated in the pat-down of Jessup and her friend;[2] he was present when Officer Maximilian Valdes ("Valdes") questioned her friend; he instructed Jessup to stop interrupting Valdes during his question; and, he helped Valdes escort Jessup to Valdes's patrol car after Jessup was arrested and handcuffed. (DE-166, at pages 4-5; DE-98-2 at page 4). While the record at the close of discovery reflected, without dispute, that Valdes actually effected

---

[2] Jessup argued the pat-down was not supported by reasonable articulable suspicion. *See* DE-116, Response to Wagner's Motion For Summary Judgment at page 13 ("Wagner did participate in the unlawful pat down of the Plaintiff").

the arrest, a participating officer can still be liable for false arrest under § 1983 even if that officer did not formally arrest the plaintiff. *See Mack v. The Town of Wallkill*, 253 F. Supp. 2d 252, 558-559 (S.D.N.Y. 2003) (summary judgment against defendant not warranted because he "actively assisted and participated in [plaintiff]'s arrest," even if he did not touch plaintiff or accompany plaintiff and arresting officer to the station house)[3]; *see also Kaylor v. Rankin*, 356 F. Supp. 2d 839, 850 (N.D. Ohio 2005) (officer's "participation in the effort to arrest the plaintiff" violated the Fourth Amendment). To resolve Defendants' Motions, the Court was required to carefully consider testimony from various witnesses on the scene, even though it ultimately concluded those officers had probable cause to arrest Jessup. *See Woods v. Valentino*, 2007 WL 2700981, at *3 (claims were not frivolous when they "worthy of careful review"). As a result, it is hereby

ORDERED THAT

(1) Judge O'Sullivan's Report and Recommendation ("R&R") [DE-187] is AFFIRMED and ADOPTED.

(2) Defendant Darby Wagner's ("Wagner's") Verified Motion To Tax Fees [DE-175] is DENIED.

DONE and ORDERED in Miami, Florida, this 24² day of November, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge John O'Sullivan
      All Counsel of Record

---

[3] Wagner cited *Mack* in his Motion For Summary Judgment.