UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21571-CIV-SEITZ/O'SULLIVAN

AMANDA JESSUP

    Plaintiff,

v.

MIAMI-DADE COUNTY, et al.,

    Defendants.
_____/

## ORDER ADOPTING IN-PART AND REJECTING IN-PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, AND AWARDING COSTS TO DEFENDANTS

THIS MATTER is before the Court on the Report and Recommendation ("R&R") [DE-188] of the United States Magistrate Judge on the Defendants' Motions To Tax Costs [DE-172, DE-174 and DE-180], and Plaintiff's submission of a Supplemental Affidavit [DE-206] to support a reduction in the award of costs as a result of her inability to pay.[1] Having reviewed the Supplemental Affidavit and responses of the Defendants [DE-207, DE-208, DE-209], the Court will reject the R&R to the extent that it recommends a 75% reduction of an award for Defendants' reasonable costs, and will reduce Defendants' award for reasonable costs by only 45%, resulting in a cost award of $20,252.89.

The Eleventh Circuit Court of Appeals has provided courts in this Circuit with guidelines for determining whether and to what degree a district court can deny or reduce the award of reasonable costs to a prevailing party. Some of those guidelines are different from the guidelines prescribed in other Circuits. In the Eleventh Circuit, "a district court must have and state a sound basis" for denying

---

[1] The Supplemental Affidavit was filed in compliance with the Court's Order of November 29, 2010 [DE-200]. This Order contains a description of the Defendants' objections to the R&R as well as an itemization of the financial information the Court asked Plaintiff to provide so it could best address whether to reduce Defendants' cost award based on Plaintiff's financial status and her ability to maintain employment.

1

or reducing a cost award to a prevailing party because there is a strong presumption that a prevailing party is entitled to its reasonable costs. *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). The non-prevailing party's "good faith and limited financial resources are not enough" to overcome the presumption. *Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832 (11th Cir. 2005). A district court can only reduce a cost award based on the non-prevailing party's financial status if that party provides "substantial documentation of a true inability to pay." *Id.* at 1039. Moreover, a district court cannot "consider the relative wealth of the parties" when deciding whether to reduce a cost award. *Chapman*, 229 F.3d at 1039. If the court considers a party's financial status, it "may not decline to award any costs at all." *Jenner v. Bank of America Corp.*, 304 Fed. Appx. 857, 860 (11th Cir. 2009) (citation omitted).

Here, Plaintiff's Supplemental Affidavit shows that she receives minimal public-assistance income, has virtually no assets and, as a result of a mental illness, has no foreseeable prospect of sustainable employment. Her only regular income is $650 a month in Social Security disability benefits, $160 in food stamps, and $150 a month from her mother to pay electric and phone bills. (DE-206, Supplemental Affidavit of Amanda Jessup ("Supplemental Affidavit") at ¶ 3). She has no bank accounts, vehicles, real estate, insurance, or any other meaningful assets. (*Id.*). An assessment provided by her psychological expert opines that she has a "major mental illness" that has prevented her from holding a job, DE-181-1, and her employment history reflects that assessment. (Supplemental Affidavit at ¶¶ 2, 5) (showing that Plaintiff has been employed a total of less than ten months over the last eight years and worked for one week in the last year).[2]

---

[2] Defendants argue in their objections to the R&R that the assessment does not support the conclusion that Plaintiff is indigent and eligible for a reduction of a cost award [DE-191 at page 11], but neither objection has merit. First, Defendants note that the assessment does not expressly opine on Plaintiff's chances for future employment. While the assessment states that Plaintiff "is not able at the present time to hold a job," the common sense conclusion derived from her employment history and recent hospitalizations (*see* DE-150 (motion for continuance based on plaintiff's need for psychiatric care after psychotic episode), DE-201 and DE-203 (motions for extension of time to

However, the Supplemental Affidavit also clarifies that Plaintiff is currently not subject to any debt. (Supplemental Affidavit at ¶ 4). As a result, the Magistrate Judge's factual finding that Plaintiff "has large medical expenses" must be rejected.

Nevertheless, the Supplemental Affidavit clearly demonstrates Plaintiff is indigent and unable to pay the full amount of the $36,823.43 cost award. *See, e.g., Brown v. U.S. Dep't of Agriculture*, 2008 WL 203382, at *2 (M.D. Fla. Jan. 23, 2008) (plaintiff with a disability whose "sole source of income was Social Security" was indigent and costs award was reduced 50%); *see also Seckel v. Hazelwood Bowl, LLC*, 2010 WL 561577, at *1 (E.D. Mo. Feb. 10, 2010) (plaintiff who showed that "most of her income consists of Social Security benefits" is "clearly indigent"); *Wagner v. City of Pine Lawn*, 2008 WL 2323486, at *2 (E.D. Mo. May 30, 2008) (plaintiff disabled by bipolar disorder and asthma who received Social Security disability and had been unemployed for five years was indigent because it was "unlikely that she could pay the full costs at this time or at any time in the future"). Accordingly, the remaining question is the degree to which Defendants' award for reasonable costs should be reduced in light of Plaintiff's indigence.

Upon careful consideration of *Chapman* and other Eleventh Circuit authority identifying the relevant factors in determining whether to reduce a cost award, the Court concludes that a 45% reduction of Defendants' reasonable costs is appropriate. Even though Plaintiff has clarified that she is

---

file supplemental affidavit because of recent hospitalization), is that it is not reasonable to expect Plaintiff to obtain stable employment in the near future.

Second, Defendants claim that the assessment shows Plaintiff is to blame for her ongoing psychiatric issues because it states that she has not been compliant with a treatment plan. The assessment does say that Plaintiff has not been compliant with her treatment plan and has not been taking psychotropic medication, but further states that "[l]ack of compliance with medication is not unusual in severely disturbed individuals mainly due to the side effects of the psychotropic agents." The assessment's proffered rationale for Plaintiff's struggles with compliance underscores the severity of her illness.

3

no longer burdened by outstanding medical bills, the cost award at issue is relatively large[3], especially for a non-prevailing party who lives essentially month-to-month and has no prospect for employment in the foreseeable future. Despite the fact that "there is a strong presumption that the prevailing party will be awarded costs," *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007), there is little or no benefit to the Defendants in awarding them a cost award so large that there appears to be no possibility that Defendants could recover from Plaintiff.

On the other hand, the Court of Appeals' decisions dictate that in the case of an indigent non-prevailing party, a court cannot decline an award of costs in its entirety because of the importance of deterring litigants from pursuing costly, non-meritorious claims. *See Chapman*, 229 F.3d at 1039 (quoting *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) ("no fee will provide no deterrence"); *Pickett*, 149 Fed. Appx. at 832 (considering whether a case was "close and difficult" in resolving reduction claim). While Plaintiff's claims were not frivolous and a close examination of the record was required to resolve those claims on summary judgment, the legal issues raised were not novel and the Court has no doubt that the disposition of those claims on summary judgment was proper.[4] A 45% reduction applied to the awards for each of the three awards results in a total award of $20,252.89. This amount accounts for Plaintiff's indigence, but also adequately serves the purpose of promoting deterrence against prolonged litigation that is resolved with little difficulty on summary judgment. Accordingly, it is hereby

---

[3] In reviewing Eleventh Circuit district court cases discussing the reduction of cost awards for indigent non-prevailing parties who are not business entities, rarely does one come across a case involving an initial cost award exceeding $10,000. *See, e.g., Ramsay v. Broward Cty. Sheriff's Office*, 2008 WL 3851648 (S.D. Fla. Aug. 14, 2008) (concluding non-prevailing party with limited income could still pay for $2,225.17 in costs); *Brown*, 2008 WL 203382 (involving $856.10 for court reporter and transcript fees); *George v. Florida Dep't of Corrections*, 2008 WL 2571348 (non-prevailing party demonstrating "some hardship" still had to pay $4,055.02 in costs).

[4] While the case involves a particularly sympathetic Plaintiff who has endured hardship since the events underlying the action, Plaintiff's counsel still had an ongoing obligation to assess whether the facts developed during discovery justified taking the claims against each Defendant to summary judgment, and Defendants should not have to forfeit the right to recover all of the out-of-pocket costs they expended to ensure those claims were defeated.

ORDERED THAT

(1) The Report and Recommendation [DE-188] of the Magistrate Judge is ADOPTED IN-PART and REJECTED IN-PART. The Court will reduce the Defendants's cost award by 45%, not 75%.

(2) Defendant Officer Valdes's Motion To Tax Costs [DE-172] is GRANTED IN-PART and DENIED IN-PART. Defendant Valdes will be awarded $10,131.27 in costs in a concurrently entered judgment.

(3) Defendants City of South Miami's and Wagner's Verified Motion To Tax Costs [DE-174] is GRANTED IN-PART and DENIED IN-PART. Defendants City of South Miami and Wagner will be awarded $3,360.31 in costs in a concurrently entered judgment.

(4) The County Defendants' Verified Motion To Tax Costs [DE-180] is GRANTED IN-PART and DENIED IN-PART. County Defendants will be awarded $6,761.31 in costs in a concurrently entered judgment.

DONE AND ORDERED in Miami, Florida, this 27th day of January, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge O'Sullivan
All Counsel of Record